*J. C. Pratt, G. A. Johns,* contra.

---

18168.   CITIZENS BANK OF MOULTRIE *v.* MOULTRIE BANKING COMPANY.

JENKINS, P. J.   While the evidence of the claimant bank's official, the only witness in the case, was not altogether clear and comprehensive concerning all the matters testified to, yet since it was altogether undisputed, and since it was distinct and positive upon the salient issue of title, and since every reasonable deduction which could be drawn from his entire testimony went to establish the claimant's ownership of the property, the court did not err in directing a verdict accordingly.

*Judgment affirmed. Stephens, J., concurs. Bell, J., disqualified.*

DECIDED DECEMBER 17, 1927.

Levy and claim; from Colquitt superior court—Judge W. E. Thomas.   April 15, 1927.

STATEMENT OF FACTS BY JENKINS, P. J.

The Citizens Bank of Moultrie levied its execution against Mrs. N. B. Marchant and J. J. Marchant upon certain live stock, farming implements, and crops, and the Moultrie Banking Company interposed a claim.   On the trial of the claim case the judge directed a verdict in favor of the claimant.   The only proof offered by the plaintiff in fi. fa. was its execution, with the entry of the levying officer showing that the property levied upon was found in the possession of the defendants in fi. fa.   The only evidence offered by the claimant, besides a deed to it from the defendants in fi. fa. to the land on which they resided, dated De-

Executions, 23 C. J. p. 604, n. 59, 61.

cember 31, 1924, and antedating the execution, which issued upon a judgment dated April 9, 1925, was the testimony of James Benenson, who described himself as a director and field agent in charge of the land owned by the claimant. He was examined at great length, both by the claimant and by the plaintiff in fi. fa. The effect of this witness's testimony was that the claimant had paid off a long loan against the land, and had taken title thereto, and had also paid off or taken up a number of mortgages against the personal property, and had taken over the personalty. He testified that he had personally seen these mortgages, and that they aggregated a sum much in excess of the value of the property taken over. He further testified that all the live stock and personal property on the premises was owned by the claimant bank, and that the defendants in fi. fa. had turned over all of the same, including that levied upon, to him as the representative of the bank, except that a portion had been bought for the farm by the witness; that whenever any of the personal property was sold, the claimant bank obtained the proceeds therefrom, and that all of the property was returned for taxation by the bank, although he refused, on cross-examination, to say positively that the bank paid taxes on any hogs or cattle. The purport of the claimant's evidence is that it had taken over the land and all the personal property, and that the defendants in fi. fa. continued to live on the place and cultivate it; that after turning over all the property they did not owe the claimant anything; that they were paying no rent and received no wages, but that they derived their living from the place, including rations furnished by the claimant, and that on one occasion the claimant had given specific permission for the defendants in fi. fa. to kill one of the hogs for consumption; that the claimant bank did not want the property, and was willing, if the defendants in fi. fa. ever got in position to redeem it, to let them have it back.

*Waldo DeLoache,* for plaintiff.

*P. Q. Bryan, W. G. Martin,* for defendants.